(No. 3315— ■■■■■■■■

ADELIA DAVIS, Claimant, *vs.* STATE OF ILLINOIS, Respondent

*Opinion filed September 13, 1939.*

DAVID S. LANDSEN, for claimant.

JOHN E. CASSIDY, Attorney General; GLENN A. TREVOR, Assistant Attorney General, for respondent.

MR. JUSTICE YANTIS delivered the opinion of the court:

Lee B. Davis was an Investigator in the Department of Conservation of the State of Illinois, and had been so employed since 1933. On the morning of May 21, 1938, he and James DeWitt, another Investigator in the Department,

drove in the latter's car from Tamms, to Horse Shoe Lake State Game Preserve in Alexander County. There they removed a State-owned boat from the lake so that it might dry out and be repainted. They then drove to the City of Cairo for a conference with their immediate superior, Inspector Robert Halliday. They then drove out into the country district to investigate any illegal hunting of game that might be in progress. When they reached a point near Sandusky their automobile accidentally and for some unknown reason left the gravel road, got out of control of the driver, DeWitt, and ran into a ditch. The car was badly damaged and Lee B. Davis was violently thrown and received a fracture of his skull and other injuries, as the direct result of which he died at St. Mary's Infirmary in Cairo, Illinois, the next day, May 22, 1938, leaving the claimant herein, Adelia Davis, his widow, as his only dependent, there being no children under the age of sixteen (16) years surviving him.

A report from the Department of Conservation, appearing in the record shows that his earnings were One Hundred Twenty-five ($125.00) Dollars per month and his average annual earnings for the year immediately preceding the accident were One Thousand Four Hundred Fifty-five ($1,455.00) Dollars; in addition to which the State furnished said employee with an automobile for his use in the performance of his work and paid the necessary upkeep and expense of operation thereof.

It further appears from said report that as an Investigator of said Department most of his work was performed in Alexander County, where the State maintains what is known as the Horse Shoe Lake Game Preserve of approximately 2,500 acres of land and water; that in the operation of Horse Shoe Lake the State maintains a large concrete dam about thirty-nine (39) feet in length, with an eastward wing of about two hundred forty (240) feet in length and a westward wing of about one hundred ten (110) feet in length. Two iron gates in the main part of the dam are closed and open from time to time in controlling the lake level. Such opening and closing is controlled through two iron devices on top of the dam, which can only be operated after certain locks attached thereto are opened with keys provided for that purpose, one set of which were in the custody of said Lee B. Davis as Investigator.

The Departmental Report further confirms the following statement of Lee B. Davis' duties:

(a)  To patrol the County of Alexander for the purpose of enforcing the game and fish laws of the State, and to make arrests and prosecute violators of the law.

(b)  To carry and distribute in an automobile operated by him and furnished him by the State for that purpose, fish taken and removed by him from one body of water to other bodies of water within the State, and to carry in said automobile fishing seines or nets, outboard motors and other equipment for boats operated by the State upon said Horse Shoe Lake, and to carry in said automobile other commodities belonging to the State.

(c)  To operate upon said Horse Shoe Lake motor boats belonging to the State for the carriage of employees and officials of the State in connection with the discharge of their duties as such, and for the carriage of visitors to said Horse Shoe Lake Preserve, the water in the lake ordinarily and on the average being from 8 to 10 feet in depth.

(d)  To operate upon said Horse Shoe Lake a barge belonging to the State, propelled or towed by one of said motor boats operated by him, the said Lee B. Davis, for the carriage of automobiles used by employees and officials of the State in connection with the discharge of their duties as such, and for the carriage of visitors and their automobiles from one part of the Preserve to other parts thereof upon the waters of the lake.

(e)  To maintain the concrete dam at the southerly end of said Horse Shoe Lake, to operate the gates in the dam for the purpose of controlling the level of the water in the lake, and to inspect and examine the dam with its equipment and appliances for the purpose of maintaining the same in good repair and condition, and in connection with all of which it was necessary for him, the said Lee B. Davis, to walk or go upon the top of the central or main portion of the dam, about 22 inches in width, and of the wings of the dam, about 14 inches in width, above the water of the lake, which were ordinarily at that point 7 or 8 feet in depth.

The Court finds that Lee B. Davis was, on the 21st day of May, 1938, an employee of the State of Illinois in the Department of Conservation.

That on said date he suffered an accident which resulted in his death, and that the injury which caused his death arose out of and in the course of his employment. That he was married and left surviving him, Adelia Davis, his wife, claimant herein, and no children under the age of sixteen years. That due notice of the accident and notice of demand for compensation, and the filing of claim herein have all been within the statutory limitations. That Lee B. Davis' annual wage from respondent for the year preceding his death was One Thousand Four Hundred Fifty-five ($1,455.00) Dollars, or an average weekly wage of Twenty-seven and 98/100 ($27.98) Dollars per week. That all hospital and surgical bills incidental to said accident have been paid by respondent,

in the sum of Two Hundred Eighty ($280.00) Dollars. That under the provisions of Section 7 of the Workmen's Compensation Act, claimant herein is entitled to an award in a sum equal to four times the average annual earnings of said employee, but not more in any event than Four Thousand ($4,000.00) Dollars; that such award is subject to a credit of 10/31sts of One Hundred Twenty-five ($125.00) Dollars because of over payment to claimant of salary for the month of May, 1938.

An award is therefore hereby made in favor of claimant Adelia Davis in the sum of Three Thousand Nine Hundred Fifty-nine and 68/100 ($3,959.68) Dollars, payable at the rate of Fourteen ($14.00) Dollars per week. Of said award, the amount of Nine Hundred Fifty-two ($952.00) Dollars has heretofore accrued to September 10, 1939, and is payable instanter. The balance of Three Thousand Seven and 68/100 ($3,007.68) Dollars is payable in monthly warrants at the rate of Fourteen ($14.00) Dollars per week, commencing on the 18th day of September, A. D. 1939.

This award being subject to the provisions of an Act entitled "An Act making an Appropriation to Pay Compensation Claims of State Employees and providing for the Method of Payment Thereof," approved July 3, 1937 (Sess. Laws 1937, page 83), and being subject further to the terms of an Act entitled "An Act making Appropriations to the Auditor of Public Accounts for the Disbursement of Certain Monies until the Expiration of the First Fiscal Quarter after the Adjournment of the next Regular Session of the General Assembly" (S. B. 123, as amended), approved July 8, 1939; and being, by the terms of the first mentioned Act, subject to the approval of the Governor, is hereby, if and when approval is given, made payable from the appropriation from the General Revenue Fund in the manner provided for by the foregoing Acts.